IZLAR v. HAITLEY.

1. Where the defendant claims the land in dispute under a verbal gift from her father and ten years' adverse possession thereunder, a deed of this land to her father, produced by her under notice, may be introduced in evidence by the plaintiff without proof of its execution.

2. Plaintiff claimed as purchaser at sheriff's sale under judgments against A., and defendant claimed under a prior verbal gift from A. and ten years' adverse possession thereunder. *Held*, that A. being a common source of title, the plaintiff was not required to prove title beyond A.; or even in him.

Before PRESSLEY, J., Orangeburg, May, 1885.

This was an action by James F. Izlar against Sophronia Haitley and Robert Haitley for the recovery of a tract of land, commenced March 15, 1882. The opinion sufficiently states the case.

*Mr. Samuel Dibble*, for appellant.

*Mr. M. I. Browning*, contra.

March 15, 1886. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. The plaintiff, appellant, bought a tract of land, situate in Orangeburg County, at sheriff's sale, as the property of one David J. Clayton. The action below was to recover this land from the defendants, who were in possession. The plaintiff relied upon the sheriff's deed; the defendants upon adverse possession in the answer, and in the evidence upon a gift of the land to the defendant Sophronia by David J. Clayton, her father. Sophronia had no deed from her father, but she relied upon a verbal gift made years before the sale by the sheriff, accompanied with continued and adverse possession, claiming the land as her own for more than ten years before said sale.

Before the trial, the plaintiff gave notice to defendants to produce certain papers, among them a deed from the sheriff to David J. Clayton, conveying the land, and dated March 3, 1856. These papers were produced, but when this deed was offered in testimony, it was objected to by defendants, unless upon strict proof of its execution. The objection was sustained.

It was in evidence that plaintiff, when he bought, had full knowledge that defendants claimed the land, Sophronia having served notice upon the sheriff not to sell, and having also given notice at the sale.

His honor, Judge Pressley, before whom the case was tried,

among other propositions, charged the jury that, to entitle the
plaintiff to recover, it was necessary for him to show that David
J. Clayton had been in the possession of the land for ten years.
The verdict was for the defendants. The appeal involves the two
questions made below, to wit: 1st. The admissibility of the deed
to David J. Clayton from the sheriff in 1856 without strict proof.
2d. The correctness of the charge of his honor as to the necessity
of proof of ten years' possession in David J. Clayton under the
facts of this case.

In general, all private writings offered in evidence must be
proved to be genuine and duly executed, but there are several
exceptions to this rule. One where the instrument is produced
by the adverse party pursuant to notice, the party producing it
claiming an interest under the instrument. In such case, says
Mr. Greenleaf, "The party producing the instrument is not per-
mitted to call on the other for proof of its execution, for by claim-
ing an interest under the instrument, he has admitted its execu-
tion." 1 *Greenl. Evid.*, § 571. Also: "The same principle
is applied where both parties claim similar interests under the
same deed, in which case the fact of such claim may be shown
by parol."

Now, here, the deed in question was produced by the defendants
under notice. Did they claim an interest under it? The deed
was one of the muniments of title in David J. Clayton. The
defendants claimed, in one aspect of the case, through David J.
They relied upon a gift from him, evidenced by a delivery of pos-
session by the said David to Sophronia as a gift, and their long
and uninterrupted possession thereunder, claiming as owner. In
other words, they in substance contended that Sophronia had
obtained title from David J. by a verbal gift and delivery of pos-
session, which, by continued possession since then, had ripened
by such possession into a perfect title. They, therefore, claimed
in fact from David, and the deed in question being a link in her
chain of title, they must be regarded as claiming an interest under
it, which brings the question under the exception mentioned to
the general rule above. Such being the case, we think the exclu-
sion of the deed was error, because the exception and not the
general rule should have been applied by his honor.

2d. As to the necessity of plaintiff showing ten years' possession in David J.  It is well understood, that where both plaintiff and defendant claim from a common source, no proof of title beyond that source is necessary.  In fact, it is not necessary to prove title even in the common source, because, in the very nature of the case, both parties are supposed to admit title there, and neither can dispute it.  The question in all such cases, therefore, is, which of the two has the best title from the common source. His honor instructed the jury that, as a general rule, it was the plaintiff's duty to make out title in himself; that he could not rely on the weakness of his adversary's title.  This, no doubt, was correct as a general rule.  But he went further as to this case, and said:  No paper title having been made out in David J. Clayton, the plaintiff could not recover unless he had shown by the evidence title in David J. by possession; thus requiring the plaintiff, in any and every aspect of the case, as condition of his recovery, to prove ten years' possession in the said David J.

He then laid down four legal propositions to the jury in reference to the possession of the defendant Sophronia.  He said if she went in possession by the permission of her father, David J., with the understanding that she was to use it until demanded, then her possession was that of her father, and the ten years, which it was necessary for the plaintiff to show, had been shown. If, however, second, she entered under a verbal gift from her father, and held it for ten years herself and as her own, then her possession would not be the possession of her father, and the plaintiff had failed to show the ten years in David J.  3d. If she had been put in possession by her father, nothing being said as to the character of her possession, but was allowed to use it as her own, the law would presume that it was a gift after ten years, and, therefore, her possession would not be the possession of her father, operating to the advantage of the plaintiff.  And, 4th. That if she went in by the consent and permission of her father as a "loan," and afterwards gave him to understand that she claimed it as her own, from that time her possession would cease to be his, and the plaintiff could not rely upon it as the possession of the father, so as to make out the ten years required.  So that, in any event, in this case, the plaintiff was required by the charge

to prove title in David J. by a possession of ten years before he could recover. .

We think the legal propositions laid down by his honor, as applicable to the different conditions under which Sophronia may have entered and held, were in the main correct, but the prior proposition to these, to wit, inasmuch as the plaintiff had not shown any paper title in David J., he must fail to recover unless he had shown ten years' possession in him, was error. Because this was good law only in the event that the parties did not claim from a common source, to wit, from David J.; and the manner in which his honor laid down the proposition as to these ten years, excluded the jury from considering the question, whether or not both parties did claim from the said David J. as a common source—the jury being restricted by the charge to the questions, whether Sophronia was in possession by permission, and, therefore, holding for her father, or by gift, holding as her own, or against the will of her father, and, therefore, adversely to him and all others.

As to the first character of holding, to wit, by permission, there can be no objection even as applied to this case, because, if Sophronia was so holding, her possession being the possession of her father, the ten years required appeared. Nor was there error as to the third, because, if she held adversely in defiance of her father and all others for ten years, she did not rely on a common source, and the doctrine that the plaintiff should not be required to go beyond a common source, would not apply. But as to the second, where the gift is relied upon, proved, and sustained by ten years' possession under it, that would, as it seems to us, be a case where both of the parties claimed through a common source, and in that event the plaintiff would not be required to prove title in the common source either by papers or ten years' possession, as in such case neither party would be allowed to dispute the title, of the common source.

We think the error of the charge was in holding the plaintiff to the proof of ten years' possession in David J., in that aspect of the case, in which the jury may have found a gift of the land to Sophronia; but we express no opinion upon the validity of the gift, if such there was, as compared to the plaintiff's title.

It is the judgment of this court, that the judgment of the Circuit Court be reversed, and that the case be remanded for a new trial.